IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILIP JAMES ROBERTS,<br><br>      Plaintiff,<br><br>   vs.<br><br>KEVIN BRADSHAW, JIM WILBERG, KAY LARSEN, CHAD WOOLEY, IVO RAY PETERSON, MT. PLEASANT CITY, KEVIN SHEPHERD, UTAH DEPARTMENT OF PUBLIC SAFETY, ROBERT FLOWERS, and SID GROLL,<br><br>      Defendants. | **MEMORANDUM DECISION**<br>and<br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS and GRANTING MOTIONS TO DISMISS**<br>and<br>**ORDER OF DISMISSAL AS TO ALL NAMED DEFENDANTS**<br><br>Case No: 2:04-CV-1113 DAK<br><br>District Judge Dale A. Kimball |

   Defendants Mt. Pleasant City, Police Chief Jim Wilberg, Officer Kay Larsen, City Prosecutor Chad Wooley and Judge Ivo Ray Peterson (City Defendants) have filed a Motion for Judgment on the Pleadings.[1]  Plaintiff Philip Roberts filed a response to the motion,[2] and City Defendants filed a reply.[3]  Additionally, Trooper Kevin Bradshaw, Utah Department of Public Safety (UDPS), Commissioner Robert Flowers and former Director of Training for the Utah Highway Patrol, Sid Groll (State Defendants) filed Motions to Dismiss.[4]  Roberts has not responded to these motions.

---

[1]Docket no. 41.

[2]Docket no. 46.

[3]Docket no. 48.

[4]Docket nos. 50 & 51.

The City Defendants noted the difficulty in identifying "what legally cognizable claims might be asserted" in the Complaint.[5]  Additionally, the State Defendants argued that Roberts's "confusing, rambling and legally incomprehensible"[6] sixty-five page complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure[7] and "should be dismissed for insufficiency of pleading."[8]  Further, Roberts's failure to respond to the State Defendants' motions to dismiss is also grounds for granting the motions.[9]  But because all of the defendants have made a significant attempt to decipher Roberts's complaint and respond with valid legal arguments, the court will dismiss the complaint on the merits rather than on these procedural grounds.

## Factual Summary of the Case[10]

This case arises out of a traffic stop that occurred in the early morning of March 8, 2003. Utah Highway Patrol Trooper Kevin Bradshaw stopped a car because he believed the driver was

---

[5]Memorandum in Support of Motion for Judgment on the Pleadings at 2, docket no. 42.

[6]Memorandum in Support of Kevin Bradshaw's Motion to Dismiss at 9, docket no. 53.

[7] A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.
Fed R. Civ. P. 8(a).

[8]Memorandum in Support of Kevin Bradshaw's Motion to Dismiss at 9; *See also* Memorandum in Support of Utah Departments of Public Safety's, Robert Flowers's and Sid Groll's Motion to Dismiss at 2 n.1, docket no. 52.

[9]"Failure to respond timely to a motion may result in the court's granting the motion without further notice." DUCivR 7-1(d).

[10]As pled in the Amended Complaint, docket no. 8.  *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (construing *pro se* litigant's pleadings liberally); *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) (accepting the well-plead facts and construing them in the light most favorable to the plaintiff).

too young to be a licensed driver.[11] Roberts was a passenger in the car.[12] When Trooper Bradshaw asked Roberts the age of the driver, Roberts said "about 18."[13] Subsequently, Roberts was arrested for providing false information to a police officer.[14] Officer Kay Larsen[15] appeared on the scene and assisted with impounding the car.[16]

Upon making the arrest, Trooper Bradshaw transported Roberts and booked him into the Sanpete County Jail.[17] Roberts was later charged and prosecuted by Mt. Pleasant City Prosecutor Chad Wooley in Mt. Pleasant Justice Court.[18] Mt. Pleasant Justice Court Judge Ivo Ray Peterson presided over the case.[19] Eventually, Roberts entered a plea in abeyance to the charges.[20]

Roberts apparently names Robert Flowers because he is the head of the Utah Department of Public Safety,[21] which employed Trooper Kevin Bradshaw and Sid Groll because he was the Director of Training for the Utah Highway Patrol.[22]

---

[11] Amended Complaint at 14-17.

[12] *Id*. at 13.

[13] *Id.* at 14-15.

[14] *Id.* at 19.

[15] Identified in the Amended Complaint as a "Sanpete County Sherif [sic] acting as part time fill in officer for Mt. Pleasant city." Amended Complaint at 4.

[16] *Id* at 20.

[17] *Id.* at 24.

[18] *Id.* at 5-6.

[19] *Id.* at 5.

[20] *Id*. at 30.

[21] *Id.* at 6-7.

[22] *Id.* at 7.

The remaining Defendant Kevin Shepherd is the owner of the impound lot where the vehicle was impounded.[23]

Roberts now sues the defendants under 42 U.S.C. §§ 1983, 1985 and 1986 for their direct or vicarious involvement in this case, claiming numerous constitutional and state law violations.

**Standard of Review**

The State Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The City Defendants have filed a motion for judgment on the pleadings under Rule 12(c). The court will treat the motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6).[24]

A complaint is properly dismissed under Rule 12(b)(6) only when it appears that the plaintiff can prove no set of facts which would entitle him to relief.[25] For the purposes of the motion to dismiss, the court will view all reasonable inferences in favor of the plaintiff, and the *pro se* pleadings will be liberally construed.[26]

**A. State Defendants**

1. Eleventh Amendment Immunity

The State Defendants first argue that the claims against UDPS and Flowers, Groll and Bradshaw, in their official capacities, are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits against a non-consenting state when

---

[23]*Id.* at 6.

[24]*See Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000).

[25]*See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Ruiz v. McDonnell,* 299 F.3d at 1181.

[26]*See Ruiz,* 299 F.3d at 1181; *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

brought by its own citizens or citizens of another state.[27]  Eleventh Amendment immunity extends to the states and to governmental entities that are "arms of the state."[28]

UDPS is an entity created by state government and operates as an instrumentality of the state.  Therefore, as an "arm of the state," UDPS is immune from suit under the Eleventh Amendment.

Additionally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."[29]  Because Flowers, Groll and Bradshaw are state officials acting in their official capacities, they are immune from suit under the Eleventh Amendment.

      2.      <u>State Defendants not Proper Parties Under 42 U.S.C. §§ 1983 and 1985</u>

To be sued under § 1983 or § 1985, each defendant must be an actual "person."  Courts have clearly defined the term "person" within this context by stating, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[30]  Accordingly, UDPS and Flowers, Groll and Bradshaw, in their official capacities, are not "persons" under 42 U.S.C. §§ 1983 and 1985.  Therefore, all claims based on these sections must be dismissed.

---

[27]*See* *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).

[28]*Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993).

[29]*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71(1989) (citations omitted).

[30]*Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

      3.      Claims Under 42 U.S.C. § 1985 not Pled With Requisite Specificity

Any claims under 42 U.S.C. § 1985 must specifically allege some racial or class-based discrimination underlying any conspiracy.[31] Roberts failed to plead any allegations of conspiracy based upon racial animus or his membership in a suspect class. As such, his § 1985 claims fail as a matter of law.

Further, because Roberts's claims under § 1985 fail, any claims under 42 U.S.C. § 1986 must also fail. Section 1986 only supplements claims arising under § 1985. Thus when there is no valid § 1985 claim, there can be no claim under § 1986.[32]

      4.      Alleged Constitutional Violations not Affirmatively Linked to Flowers or Groll

In asserting claims against Flowers and Groll in their individual capacities, Roberts fails to allege any facts to show that they were personally involved in any of the alleged constitutional violations. "In a § 1983 claim, a supervisor is not liable 'unless an "affirmative link" exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'"[33] Roberts has failed to establish that specific actions of either of these defendants lead to the alleged constitutional deprivations in the amended complaint.

Roberts seems to believe that Flowers and Groll are liable under the theory of *respondeat superior*, due to the office each held at the time of the alleged constitutional violations. Yet the

---

[31] *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[32] *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1163 (10th Cir. 1991); *Taylor v. Nichols*, 558 F.2d 561m 568 (10th Cir. 1977).

[33] *Gibbons v. Lambert*, 358 F. Supp.2d 1048, 1062 (D. Utah 2005) (quoting *Meade v. Grubbs,* 841 F.2d 1512, 1527 (10th Cir. 1988)).

law is clear that "[t]here is no concept of strict supervisor liability under section 1983."[34]  It is not enough for Roberts to simply show that these defendants were in charge of other state actors who allegedly committed the violations.[35]  He must show that each supervisor had personal involvement in the alleged violations.[36]  Because Roberts has not shown any affirmative link between Flowers and Groll and the alleged violations, all the claims against both these defendants must be dismissed.

        5.        <u>Bradshaw Entitled to Qualified Immunity</u>

Under principles of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[37]  The qualified immunity doctrine allows for reasonable mistakes in judgment by protecting "all but the plainly incompetent or those who knowingly violate the law."[38]

When a defendant raises qualified immunity, the plaintiff has the burden to establish "(1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established at the time of the alleged violation."[39]  To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable

---

[34] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996); *Kite v. Kelley,* 546 F.2d 334, 337-38 (10th Cir. 1976).

[35] *Id.* at 995.

[36] *Id*.

[37] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[38] *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

[39] *Eaton v. Meneley,* 379 F.3d 949, 954 (10th Cir. 2004).

official would understand that what he is doing violates that right."[40]  The doctrine of qualified immunity protects the defendant from suit unless the plaintiff satisfies both parts of the test.[41]

Here, Roberts has not met his burden.  The facts alleged in the Amended Complaint do not establish violations of recognized constitutional rights.  Moreover, once Bradshaw raised qualified immunity in his motion to dismiss, Roberts failed to even file a  response in order to meet his burden to overcome this immunity.  Therefore, the court finds that Bradshaw is entitled to qualified immunity and the claims against him in his individual capacity are dismissed.

### B.  City Defendants

1. <u>Mt. Pleasant City not Liable Under § 1983</u>

Even though local government bodies and municipalities are considered "persons" under § 1983, "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor."[42]  Courts have consistently refused to hold municipalities liable under the legal theory of *respondeat superior*.[43]  A plaintiff seeking to impose liability on a municipality under § 1983, must identify a specific municipal "policy" or "custom" that caused the plaintiff's alleged injury.[44]  This ensures that the municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts  may

---

[40] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

[41] *See Eaton*, 379 F.3d at 954; *Sawyer v. County of Creek,* 908 F.2d 663, 665-6 (10th Cir. 1990).

[42] *Board of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 403 (1997).

[43] *Id.*

[44] *Id.*

fairly be said to be those of the municipality."[45]  Beyond merely identifying the municipal "policy" or "custom," the plaintiff must also show that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[46]

Roberts has failed to link any of the alleged questionable actions to a Mt. Pleasant City policy or custom.  Without this requisite link, any claims against Mt. Pleasant must be dismissed.

    2.    Peterson Entitled to Judicial Immunity

A judge, performing judicial functions, is absolutely immune from suit.[47]  The only exception is when the judge acts "in the clear absence of all jurisdiction."[48]  Judges who are acting "in their judicial capacity" and performing "a function normally performed by a judge" are not acting in the absence of all jurisdiction.[49]

Although Roberts alleges that Judge Peterson acted without jurisdiction, those allegations are merely conclusory and based on Roberts's own interpretation of jurisdiction.[50]  Roberts's claims against Judge Peterson are all based on his rulings on judicial matters in the courtroom.

---

[45] *Id.* at 403-04.

[46] *Id.* at 404 (emphasis in original).

[47] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).

[48] *Id.*

[49] *Hunt,* 17 F.3d at 1266.

[50] *See* Amended Complaint at 38-42.  It appears Roberts wanted to assert jurisdiction and arguments under the Uniform Commercial Code (UCC) - which the court refused to do.

Accordingly, Judge Peterson is entitled to absolute judicial immunity and to the dismissal of all claims against him.

### 3. Wooley Entitled to Prosecutorial Immunity

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process,' such as initiating and pursuing criminal prosecutions."[51] The purpose of absolute prosecutorial immunity is to allow prosecutors "the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory section 1983 litigation."[52]

All of Roberts's allegations against Wooley arise from Wooley's actions as a prosecutor in the initiation and pursuance of the criminal prosecution. As such, Wooley is entitled to absolute prosecutorial immunity and to the dismissal of all claims against him.

### 4. Failed to State A Claim Against Larsen

Even construing the pleadings liberally,[53] there are no factual allegations in the complaint to support a claim against Larsen. The complaint establishes that Larsen was not the arresting officer and only pulled up behind Trooper Bradshaw after the stop. The sole claim against Larsen appears to be his involvement in the impounding of the vehicle in which Roberts was a passenger.

---

[51] *Pheiffer v. Hartford,* 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976)).

[52] *Snell v. Tunnell*, 920 F.2d 673, 686-87 (10th Cir. 1990).

[53] *See Haines,* 404 U.S. at 520-21.

State law permits impounding a vehicle when "the person responsible for the vehicle is unable to provide for its custody or removal."[54] Roberts wanted the officers to leave the car at the scene so he could pick it up later. Because Roberts was arrested at the scene, he could not (or would not) provide for the custody or removal of the vehicle. Therefore, the complaint does not establish any basis for a federal claim against Larsen for properly impounding the vehicle. If this claim is to be construed as a state law claim, it is barred by the Utah Governmental Immunity Act.[55]

     5.     <u>Alleged Constitutional Violations not Affirmatively Linked to Wilberg</u>

Because Roberts has failed to state a claim against Larsen, he has also failed to state a claim against Wilberg as Larsen's supervisor. "To be liable, a superior must have participated or acquiesced in the constitutional deprivations of which complain is made."[56] Wilberg was not present nor personally involved during any of the alleged constitutional violations. Just as with the State supervisory defendants,[57] any claims against Wilberg are unsupported by fact and law, entitling him to dismissal of the claims.

---

[54] Utah Code Ann. § 41-6-102(3)(b) (now renumbered and codified at Utah Code Ann. § 41-6a-1405(3)(b)).

[55] *See infra* Section C.

[56] *Meade*, 841 F.2d at 1528.

[57] *See supra* Section A 4.

### C.  State Law Claims Barred by the Utah Governmental Immunity Act

The City Defendants and the State Defendants request that all the state law claims be dismissed because Roberts failed to comply with the notice of claim requirement[58] of the Utah Governmental Immunity Act (UGIA).[59]  Under UGIA, a plaintiff bringing a claim against a governmental entity or employee must first provide written notice of the claim to the defendant within one year.[60]  Proper filing of the notice of claim is a jurisdictional requirement to filing suit.[61]  It is undisputed that Roberts failed to comply with the UGIA notice requirement.  Consequently, all the state law claims must be dismissed for lack of jurisdiction.

### D.  Roberts Lacks Standing to Assert Claims of Another

Again, both the State and City defendants note that it appears Roberts is asserting claims of alleged constitutional violations on behalf of the female driver of the car.  It is well settled that constitutional rights are personal and cannot be vicariously asserted.[62]  "A *pro se* litigant may bring [his] own claims to federal court without counsel, but not the claims of others."[63]  Thus, any claims asserted on behalf of another will be dismissed.

---

[58]*See* Utah Code Ann. § 63-30-11(2) (requiring filing of written notice of claim).

[59]Utah Code Ann. §§ 63-30-1 et seq.  Because the claims alleged to be caused by a governmental entity occurred prior to July 1, 2004, they are "governed by the provisions of Title 63, Chapter 30, Utah Governmental Immunity Act."  Utah Code Ann. § 63-30d (Transition clause).  The Act has been recodified as the Governmental Immunity Act of Utah, Utah Code Ann. §§ 63-30d-101, et seq.  All substantive elements of the Act remain the same.

[60]*See* Utah Code Ann. §§ 63-30-11(2) and 63-30-12.

[61]*See* Ruston v. Salt Lake County, 977 P.2d 1201, 1203 (Utah 1999); Madsen v. Borthick, 769 P.2d 245, 249-50 (Utah 1988); Larson v. Snow College, 189 F.Supp.2d 1286, 1301 (D. Utah 2000); Jensen v. Reeves, 45 F.Supp.2d 1265, 1278 (D. Utah 1999).

[62]*See* Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); U.S. v. Valdez Hocker, 333 F.3d 1206, 1208 (10th Cir. 2003).

[63]Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1997) (stating *pro se* parent cannot assert claims for minor children in federal court).

### E.  Fails to State a Claim Against Kevin Shepherd

Kevin Shepherd, owner of the impound lot where the car was impounded, is the sole remaining defendant after the dismissal of all the claims against the State and City Defendants. As a private citizen, he too, is entitled to dismissal of any § 1983 claims against him.  "In order to prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action.  Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[64]

Even if Roberts's claims are construed to allege that Shepherd somehow conspired with state actors to create liability under § 1983, they still fail.  "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."[65]  Here, Roberts's complaint contains only conclusory allegations of a conspiracy and utterly fails to establish any facts showing Shepherd's role or involvement in a concerted action or agreement therein.  Any claims against Shepherd are therefore dismissed for failure to state a claim upon which relief may be granted.

---

[64] *Read v. Klein,* 1 F.App'x 866, 870 (10th Cir. 2001) (citations omitted).

[65] *Scott v. Hern,* 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted).

**ORDER**

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings[66] and the Motions to Dismiss[67] are GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED in its entirety as to all named defendants and the case is CLOSED.

Dated this 22nd day of March, 2006.

BY THE COURT:

_____
Dale A. Kimball
U.S. District Judge

---

[66]Docket no. 41.

[67]Docket nos. 50 & 51.